UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
UNITED STATES OF AMERICA,           :     Case No. 4:15-CR-253
                                    :
        Plaintiff,                  :
                                    :
    vs.                             :     OPINION & ORDER
                                    :     [Resolving Docs. 26, 27, 30]
G. SHANNON McCOLOR,                 :
                                    :
        Defendant.                  :
                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This case is about whether the Federal Bureau of Prisons ("BOP") should credit Defendant G. Shannon McColor for time he serves in state prison against his federal sentence. The Court asks BOP to give McColor this credit.

On November 13, 2015, this Court sentenced Defendant McColor to 78 months incarceration for bank robberies.[1] This Court did not indicate whether McColor's federal sentence should run concurrently or consecutively to any future state sentence he received.[2] Although unexpressed at the time, this Court intended for any state sentence to run concurrently with McColor's federal sentence.

Next, Defendant McColor was transferred to state custody. On December 14, 2015, an Ohio state court sentenced Defendant McColor to 96 months incarceration for the same crimes. The state court judge stated "[t]his sentence is to be served concurrently with the sentence imposed" by this federal Court.[3] Although McColor had been borrowed from federal custody for

---

[1] Doc. 25.
[2] *Id.*
[3] Doc 26-1.

the state proceedings, Ohio did not return McColor to federal custody. Currently, McColor is incarcerated in an Ohio state prison.

On November 16, 2015, Defendant McColor asked this Court to transfer him from state prison to federal prison.[4] McColor worried that his federal sentence would not start running until Ohio transferred him into federal custody.

Initially, the BOP responded that it would "track the time served on [McColor's] federal sentence and, when it is completed, [BOP] will notify the [U.S. Marshal Service] that any detainers can be lifted. McColor will then be able to finish his state sentence and be released directly from the State of Ohio's custody."[5] BOP's response indicated McColor's state and federal sentences would run concurrently, so this Court denied Defendant's motion to transfer prisons.[6]

Then, BOP changed its position. BOP now says, "McColor will serve his eight-year state sentence, be released to federal custody, and then serve the entirety of his 78-month federal sentence."[7]

BOP's decision is within the agency's discretion.[8] Furthermore, the Court cannot force BOP's hand by ordering Ohio to transfer Defendant McColor into federal custody.[9]

---

[4] Doc. 26.
[5] Doc. 27 at 2.
[6] Doc. 28.
[7] Doc. 30 at 3.
[8] 18 U.S.C. § 3584(a); see *Leguen-Mejia v. U.S., Warden, NEOCC*, 2015 WL 196154, at *3 (N.D. Ohio Jan. 14, 2015) ("the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons"); see also *McCarthy v. Doe* 146 F.3d 118 (2d Cir. 1998) ("State court's expression of intent that sentence imposed by it run concurrently with federal sentence imposed upon same defendant is not binding on federal authorities.").
[9] Federal courts should impose "the least intrusive remedy available" when intruding into the administration of state prisons, and a court-ordered transfer to another prison is the most intrusive remedy. *Soto v. Birkett*, 2008 WL 474089, at *2 (E.D. Mich. Feb. 19, 2008) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 (6th Cir. 1984). The Supreme Court has said that "[i]t is difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons." *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973).

Nevertheless, the Court asks the BOP to writ Defendant McColor into its custody. If this is not possible, the Court recommends that BOP designate McColor's federal sentence to run concurrent with his state sentence. Additionally, Defendant McColor should petition for a *nunc pro tunc* order designating his state facility as a place where he can serve his federal sentence.

This Court and the Ohio court intended McColor's federal sentence to run concurrently with his state sentence. Sentencing's rehabilitative, retributive, and deterrent goals will not be served by doubling the Defendant's incarceration and the taxpayers' money will be misplaced. The Court hopes BOP agrees.

IT IS SO ORDERED.

Dated: May 2, 2017　　　　　　　　　　　　　*s/　　　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE